```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

TERRANCE JONES,
                                                         **DECISION AND ORDER**
                Petitioner,                  **No. 10-CV-0716T**

    -vs-

SUPERINTENDENT

              Respondent.
_____

## I.  Introduction

*Pro se* Petitioner Terrance Jones("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered December 14, 2006, in New York State, County Court, Monroe County (Hon. Richard A. Keenan), convicting him, upon a plea of guilty, of one count of Robbery in the First Degree (N.Y. Penal Law ("Penal Law") § 160.15(2).  Petitioner was sentenced to a determinate term of twelve years imprisonment, to be followed by five years of post release supervision.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II.  Factual Background and Procedural History

Petitioner was charged by a Monroe County Grand Jury with six counts of Robbery in the First Degree (Penal Law § 160.15(2)(4)) and three counts of Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03(1)(b)) for committing three robberies at

gunpoint: the March 31, 2006 robbery of $25 worth of food and a package of cigarettes from Michael Gray; the April 5, 2006 robbery of $23 worth of food from David Chen; and the April 15, 2006 robbery of two gold chains and a bicycle from Desmond Auld. See Ind. No. 0304 dated 05/02/06 at Resp't Ex. A.

On November 22, 2006, Petitioner, represented by counsel, pleaded guilty to one count of Robbery in the First Degree, in exchange for a promise of twelve years in prison, to be followed by five years of post release supervision. During his plea colloquy, Petitioner admitted that on April 5, 2006, he robbed a deliveryman at gunpoint of $23 worth of food. Plea Mins. [P.M.] 23-26.

Petitioner was subsequently sentenced, as promised, to a term of twelve years imprisonment, to be followed by five years of post release supervision. Sentencing Mins. [S.M.] 6.

Petitioner appealed his judgment of conviction in the Appellate Division, Fourth Department on the ground that his sentence is harsh and excessive. The Appellate Division, Fourth Department unanimously affirmed the judgment of conviction, without opinion, on March 19, 2010, and leave to appeal was denied on May 26, 2010. See People v. Jones, 71 A.D.3d 1476 (4th Dep't 2010) (Resp't Ex. D); lv. denied, 14 N.Y.3d 889 (2010) (Resp't Ex. F).

This habeas corpus petition followed, wherein Petitioner seeks relief on the ground that his sentence is harsh and excessive. See Pet. ¶ 12, Ground One (Dkt. No. 1).

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified

Case 1:10-cv-00716-MAT-JJM   Document 15   Filed 10/18/11   Page 4 of 7

the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.  Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**IV. Petitioner's Claim**

Petitioner argues, as he did on direct appeal, that his sentence is harsh and excessive. See Pet. ¶ 12, Ground One. The Appellate Division, Fourth Department unanimously affirmed Petitioner's judgment of conviction, without opinion. See Jones, 71 A.D.3d at 1476. As discussed below, this claim does not present an issue that is cognizable by this Court on habeas review.

As an initial matter, the Court notes that the parties dispute whether this claim is exhausted. See Pet'r Letters to Court (Dkt. Nos. 4, 5); Resp't Mem. of Law at 5-6 (Dkt. No. 10). The Court, however, declines to address the exhaustion issue to the extent that a harsh and excessive sentencing claim is not cognizable on

habeas review where, as here, Petitioner's sentence falls within the statutory range.

It is well-settled that a habeas petitioner's challenge to the length of his or her prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp. 146 (E.D.N.Y. 1988), aff'd mem., 875 F.2d 857 (2d Cir. 1989)); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion). Because Petitioner's sentence falls within the permissible statutory range, he may not challenge the length of the sentence in the instant proceeding.

Here, Petitioner was sentenced to a prison term of twelve years for Robbery in the First Degree (a class B violent felony). This sentence falls within the statutory range under New York law. See Penal Law §§ 160.15(3), 70.02(3)(a). Accordingly, Petitioner's claim that his sentence was harsh and excessive is not cognizable, and is dismissed on that basis in its entirety.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: October 18, 2011
Rochester, New York